IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHEAL JERRIAL IBENYENWA | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv4 |
| JERRY L. WILSON, ET AL. | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Micheal Jerrial Ibenyenwa, an inmate at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends granting the defendants' motion to dismiss based on plaintiff's failure to exhaust administrative remedies. Accordingly, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

For the reasons set forth in the Report, plaintiff's complaint fails to state a claim upon which relief may be granted based on plaintiff's failure to exhaust administrative remedies. Plaintiff's objection that the court may not *sua sponte* dismiss his complaint for failure to exhaust is misplaced

because this action is being dismissed pursuant to a motion filed by the defendants. The defendants in this action moved to dismiss plaintiff's complaint because it is clear on its face that plaintiff did not exhaust available administrative remedies. As the magistrate judge correctly determined, the complaint makes clear plaintiff failed to properly exhaust the available grievance procedure by failing to comply with the established rules for submitting his grievances in a procedurally correct manner through all steps of the grievance procedure regarding his claims.

The Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 87-91 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.,* at 90-91. As explained in the Report, plaintiff did not properly pursue his claims through all steps of the grievance process in a procedurally correct manner prior to filing his complaint, as required by 42 U.S.C. § 1997e. Therefore, after careful consideration, the court concludes plaintiff's objections are without merit, and the defendants' motion to dismiss should be granted.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A

final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **23** day of **February, 2022.**

_____
Thad Heartfield
United States District Judge